

faegredrinker.com

**John W. Ursu**
Partner
john.ursu@faegredrinker.com
612-766-8164 direct

**Faegre Drinker Biddle & Reath** LLP
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, Minnesota  55402
+1 612 766 7000 main
+1 612 766 1600 fax

*VIA CM/ECF*

June 30, 2021

The Honorable David T. Schultz
United States District Court
300 South Fourth Street
Minneapolis, MN 55415
schultz_chambers@mnd.uscourts.gov

> RE:     *My Pillow, Inc. v. US Dominion, Inc., Case No. 21-cv-01015-PJS-DTS*

Judge Schultz:

I write regarding your Order dated June 28, 2021.  Under Local Rule 7.1(j), we respectfully request permission to file a motion to reconsider on two narrow points: (1) requesting clarification of the Court's holding on the first-filed doctrine; and (2) modifying the ordered response date until July 13, 2021.

**I.       Dominion requests permission to ask the Court to clarify that its treatment of the first-filed doctrine does not preclude any first-filed doctrine arguments Dominion will make in its motion to dismiss.**

The Court denied Dominion's motion for a stay, and Dominion accepts that ruling.  In so holding, the Court dealt extensively with the first-filed doctrine.  The parties did not brief the first-filed doctrine, and Dominion expressly disclaimed reliance on it at the hearing.  Tr. at 9 ("We will bring a range of motions, as you can imagine, when it's time to present our defenses. Those may include a motion under the first filed doctrine which does permit a stay as one of the options, but that's not our motion here today.")  Dominion will be filing a motion to dismiss all claims against it on numerous grounds, including the first-filed doctrine.  Given the Court's discussion of the first-filed doctrine, Dominion requests permission to file a brief motion for reconsideration asking the Court to confirm that its discussion of the first-filed doctrine was not intended to resolve any first-filed doctrine grounds for Dominion's upcoming dispositive motion, and nothing in the Court's decision precludes Dominion from invoking the first-filed doctrine in support of its

motion to dismiss. Obtaining this clarification would avoid Dominion having to file an objection to the Court's non-dispositive order on the first-filed issue to avoid any waiver arguments.[1]

**II.**   **Dominion requests permission to ask the Court to modify its response deadline by at least one week.**

In addition, Dominion requests permission to ask the Court to modify its order by allowing Dominion to respond on July 13 rather than July 6.  Absent an adjustment to the schedule, many Dominion attorneys will need to cancel long-planned family vacations over the Fourth of July.  Dominion's motion was premised on avoiding needless briefing, and the Court stayed the response deadline twice while it considered the motion.  Plainly, Dominion's motion was not frivolous and would have been well within the Court's discretion to grant. In such circumstances—and given the number of family plans over the Fourth of July holiday that would need to be scuttled—ordering fourteen days (rather than seven) would be reasonable. Moreover, July 13 is sufficiently ahead of the earliest hearing date available so as not to slow the progress of the case.  Indeed, the Court may decide to hear the motions to dismiss in the My Pillow and Lindell cases together—as the DC Court did and Dominion will urge given the heavily overlapping issues of law and fact—and Dominion's motion to dismiss in the Lindell matter is due by on August 9.

For these reasons, with deference and respect, Dominion requests that the Court recognize these as compelling circumstances and grant permission to seek reconsideration on these narrow grounds.

Very truly yours,

John W. Ursu

c:      All Counsel of Record

---

[1] It seems likely that, absent such clarification, MyPillow will argue that the Court decided this as a dispositive matter.  Shortly after the Court's ruling, MyPillow's CEO and founder Mike Lindell appeared in a radio broadcast in which the radio host interviewing him wrongly characterized the Court's ruling as being on "summary judgment" with Lindell's apparent agreement. *See Steve Bannon's War Room*, June 29, 2021, *available at* https://home.frankspeech.com/tv/video/mike-lindell-joins-steve-bannons-war-room-june-29-2021. (Lindell: "[T]hat judge made a right ruling.  He said, 'We're not going to take it in our country.  You can keep going after Dominion, MyPillow.  You can go after them for what they did to you.  What they did was wrong.'").

US.133614463.01